# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLOREA CIUPANGEL, | No. 4:19-CV-00208 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN CLAIR DOLL, | |
| Respondent. | |

## MEMORANDUM OPINION

### OCTOBER 28, 2020

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Florea Ciupangel filed pursuant to 28 U.S.C. § 2241 in which he seeks a bond hearing to remedy his allegedly unconstitutional prolonged immigration detention.[1]  Following an order to show cause, the Government filed a response to the petition as well as an update to Petitioner's immigration status.[2]  For the reasons set forth below, this Court will dismiss the petition without prejudice.

## I.     BACKGROUND

Petitioner is a citizen and native of Romania who was apprehended by the United States Custom and Boarder Protection attempting to enter the United States at or near Brownsville, Texas on September 30, 2016.[3]  At the time Petitioner was

---

[1]   Doc. 1.
[2]   Docs. 5, 14.
[3]   Doc. 5 at 1-2.

taken into custody and charged as inadmissible because he had attempted to enter the United States without proper entry documentation.[4] He sought asylum status and was paroled into the country pending immigration proceedings to be held in the Philadelphia, Pennsylvania immigration court.[5]

On January 30, 2018, Petitioner was apprehended by the police in Delaware and charged with various crimes.[6] He was found guilty of conspiracy in the second degree and sentenced to 364 days' imprisonment.[7] Later that year, on August 1, 2018, Petitioner was detained by ICE, which, upon confirming Petitioner's conviction, determined that he should be detained in ICE's custody.[8] ICE lodged further removal charges against Petitioner due to Petitioner's criminal conviction.[9]

On December 28, 2018, an immigration judge determined that the court lacked jurisdiction to consider bond because of Petitioner's status as an arriving alien.[10] Shortly thereafter, on February 6, 2019, Petitioner filed the instant petition for writ of habeas corpus seeking to be released on bond.[11] Respondent filed an answer, arguing, *inter alia*, that due to Petitioner's status as an arriving alien, he was not entitled to a bond hearing so long as Petitioner's claims for asylum and removal

---

[4]  *Id.* at 2.
[5]  *Id.*
[6]  *Id.*
[7]  *Id.*
[8]  *Id.* at 3.
[9]  *Id.*
[10] *Id.*
[11] Doc. 1.

were pending.¹² Respondent also advised as to Petitioner's upcoming asylum hearing.

On May 1, 2019, a hearing was held on Petitioner's claims of asylum.¹³ The immigration judge denied Petitioner's application for asylum and ordered him removed.¹⁴ Petitioner appealed that decision to the Board of Immigration Appeals, which on October 7, 2019 remanded the case to the immigration judge for a more thorough assessment of Petitioner's asylum claims.¹⁵ This Court then directed the parties to provide a status updates regarding Petitioner's immigration proceedings.¹⁶

Since then, the immigration judge again denied Petitioner's asylum claims and ordered him removed; the appeal of that decision was dismissed by the Board of Immigration Appeals; and the United States Court of Appeals for the Third Circuit ultimately denied a stay of removal on September 22, 2020.¹⁷

Respondent has now filed a notice of change in detention status and suggestion of mootness, as Petitioner's status has changed from a pre-final order of removal to a post-final order of removal.¹⁸

---

¹² Doc. 5.
¹³ Doc. 14 at 1-2.
¹⁴ *Id.* at 2.
¹⁵ *Id.*
¹⁶ Doc. 7.
¹⁷ Doc. 14 at 2.  The Third Circuit initially entered a temporary stay of removal while it considered Petitioner's claims.  *See id.*
¹⁸ Doc. 14.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."[19] A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."[20] As Petitioner is currently detained within this Court's jurisdiction by a custodian within the Court's jurisdiction and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.[21]

### B. Analysis

In his habeas petition, Petitioner contends that his ongoing immigration detention in the absence of a bond hearing violates his right to Due Process. At the time he filed his petition, Petitioner's immigration status was pre-final order of removal because he had not yet been ordered removed. Now that the immigration judge has ordered Petitioner removed and any stay of removal has been denied by the Third Circuit, Petitioner's immigration status is post-final order of removal.

---

[19] 28 U.S.C. § 2241(c)(3).
[20] 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).
[21] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973). *See also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

"Generally speaking, 8 U.S.C. § 1226 governs pre-removal order detention of aliens while 8 U.S.C. § 1231 governs post-removal order detention of aliens."[22]

In this case, when Petitioner filed his § 2241 petition, his detention was governed by § 1225(b) because he was classified as an arriving alien and his immigration claims had not yet been adjudicated. After the immigration judge ordered Petitioner removed and the Third Circuit denied Petitioner's motion to stay removal on September 22, 2020, however, Petitioner's status shifted to post-final order of removal; his detention is now governed by § 1231.[23] To the extent Petitioner seeks a bond hearing to challenge his detention pursuant to § 1225(b), his § 2241 petition must be denied as moot.[24]

Given Petitioner's *pro se* status and continued detention, however, the Court will consider whether he is entitled to a bond hearing to review his continued post-order detention under § 1231. Section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."[25] During this ninety day period, "the Attorney General shall detain the alien. Under

---

[22] *Samba v. Lowe*, No. 3:18-cv-662, 2020 WL 599839, at *2 (M.D. Pa. Feb. 7, 2020).
[23] *See Samba*, 2020 WL 599839, at *2; *Labarriere v. Doll*, No. 4:19-cv-309, 2019 WL 6875624, at *2 (M.D. Pa. Dec. 17, 2019).
[24] *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (holding that habeas challenge to pre-final order of detention was rendered moot when individual shifted to post-final order detention status); *Saini v. Lowe*, No. 4:18-cv-1546, 2019 WL 1247529, at *2 (M.D. Pa. Feb. 22, 2019), report and recommendation adopted, 2019 WL 1239873 (M.D. Pa. Feb. 22, 2019).
[25] 8 U.S.C. § 1231(a)(1)(A).

no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)."[26] After the ninety day period has expired, the alien may either be held in continued detention or be released under supervision.[27]

In *Zadvydas v. Davis*,[28] the Supreme Court concluded that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention."[29] Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."[30] The Supreme Court noted that a period of six months is a "presumptively reasonable period of detention."[31]

Here, the Third Circuit denied Petitioner's motion for a stay of removal and lifted the temporary stay on September 22, 2020, at which point the ninety day removal period commenced.[32] Petitioner is thus still within the ninety day period where his detention is mandatory. His period of mandatory detention will expire on

---

[26] *Id.*, § 1231(a)(2).
[27] *Id.*, § 1231(a)(3), (6).
[28] 533 U.S. 678 (2001).
[29] *See id.* at 699.
[30] *See id.*
[31] *Id.* at 701. *See also Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 226 (3d Cir. 2018) (concluding that the Due Process Clause of the Fifth Amendment prohibits prolonged detention under § 1231 without a bond hearing and adopting a six (6)-month rule that an alien detained under § 1231 "is generally entitled to a bond hearing after six months (i.e., 180 days) of custody").
[32] *See Omollo v. Warden, York Cty. Prison*, No. 3:17-cv-1039, 2018 WL 2292533, at *2 (M.D. Pa. May 18, 2018); *Gekara v. Lowe*, No. 3:17-cv-1693, 2019 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018).

or about December 22, 2020, and his presumptively reasonable period of detention without a hearing expires ninety days thereafter. "A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature."[33] Thus, Petitioner's § 2241 petition must be dismissed because his challenge to his detention under § 1231 is premature at this time.[34]

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[33] *Gekara v. Lowe*, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018).
[34] *See Samba*, 2020 WL 599839, at *3.